UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSHUA CACHO, <br><br> Plaintiff, <br><br> v. <br><br> AMITY ONE DEBT RELIEF, et al <br><br><br><br><br> Defendants. | §§§§§§§§§§§§§§§§     3:24-cv-00160-KC |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff JOSHUA CACHO respectfully moves, under Fed. R. Civ. P. 55(b)(2), for a Default Judgement against Defendants AMITY ONE DEBT RELIEF ("Amity"), and ARIYO MACKAY ("Mackay").

## I.   STATEMENT OF FACTS

Liability: The Plaintiff in this case, Joshua Cacho received fifteen (15) phone calls to his personal telephone number, 915-259-3258, which was listed on the National Do Not Call Registry. Compl. ¶30. Defendant Amity is a debt relief company that uses telephone prerecorded messages to solicit thousands of persons daily, like Plaintiff, who did not provide his prior express written consent to receive such solicitations. Defendant Mackay operated the equipment that was that was used to make the calls from Amity to Plaintiff's phone. Defendant Mackay was in full control of Amity's marketing campaign.

Jurisdiction: This Court has specific personal jurisdiction over Defendant Amity and

Mackay because Defendants purposefully availed themselves to the State of Texas and to this District, and there is a sufficient relationship between Defendants' purposeful contacts with Texas and the litigation. Defendants purposefully sent calls into Texas despite having no business relationship with Plaintiff.

    a. Defendants target Texas when marketing debt relief services and regularly conduct business in this District, including telephone solicitation.

    b. Defendants purposefully sent phone calls to Plaintiff's El Paso area phone number with area code 915 to generate leads for Defendant Amity.

    c. Defendant Mackay directed the calls to be sent into Texas and purposefully directed that Texas residents be targeted with the solicitation phone calls.

    d. The purposeful calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction. *See Ford Motor Co. v. Mont. Eight Jud Dist. Ct.,* 141 S. Ct. 1017 (2021).

Injury: Plaintiff did not provide his prior consent to receive these calls. Compl. ¶ 33.  Plaintiff was damaged both statutorily and emotionally.  Plaintiff found the calls invasive of his privacy, annoying, and obnoxious. *Id*. ¶ 62-65.

Plaintiff's location during violations: Plaintiff is a Texas resident currently and has been since July 16, 2023. Plaintiff was residing in Texas for all calls relevant to the Complaint.

Damages: Damages for violations of section 227(c) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations.  Damages for violations of section 227(b)(1)(A)(iii) of the TCPA are set by statue at up to $500 per violation. Theses damages can be trebled if found to be knowing and willful violations. Plaintiff alleges that he received fifteen (15) phone calls in violation of 47 U.S.C. §

227(c), 47 C.F.R. § 64.1200(C).  Plaintiff alleges that he received eleven (11) phone calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Texas Business and Commerce Code 302.101 is set by statute up to $5,000 per violation.  Plaintiff alleges that he received fifteen (15) phone calls in violation of Tex. Bus. Com. Code 302.101.

Plaintiff is entitled to $1,000 for two (2) violations of 227(c) at $500 per call, plus $19,500 for thirteen (13) violations of 227(c) at $1,500 per call for knowing and willful violations. Plaintiff is entitled to $1,000 for two (2) violations of 227(b)(1)(A)(iii) at $500 per call, plus $13,500 for nine (9) violations of 227(b)(1)(A)(iii) at $1,500 per call for knowing and willful violations. Plaintiff is entitled to $75,000 for fifteen (15) violations of Tex. Bus. Com. Code 302.101 at $5,000 per call, plus $405 in filing fees, and $225 in service fees for a total of $110,630.

Plaintiff did not provide his prior express consent to receive any of the calls. Plaintiff delivered a Do Not Call request on six (6) separate calls to Defendants Amity and Mackay's employees. On December 23, 2023, Plaintiff delivered his first acknowledged DNC request, Compl. ¶38-40. On January 2, 2024, Plaintiff delivered his second acknowledged DNC request, Compl. ¶38-40. On February 16, 2024, Plaintiff delivered his third acknowledged DNC request, Compl. ¶46. On February 16, 2024, Plaintiff delivered his fourth acknowledged DNC request, Compl. ¶47. On March 7, 2024, Plaintiff delivered his fifth acknowledged DNC request, Compl. ¶48. On March 7, 2024, Plaintiff delivered his sixth acknowledged DNC request, Compl. ¶49.

Plaintiff is asking trebled damages be awarded to calls that took place after ten (10) days after the first DNC request was made, giving Defendants a grace period to remove him from their calling list. Plaintiff received one call during this "grace period" and thirteen (13) calls from Defendants after this grace period expired on January 2, 2024. For this reason, Plaintiff is

seeking treble damages for a portion of the calls and violations received but not all calls and violations received.

Procedural History: On May 16, 2024, Plaintiff filed his Complaint against Defendants Amity One Debt Relief and Ariyo Mackay alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Tex. Bus. Com. Code 302.101. ECF No. 1. On May 16, 2024, a Summons was issued for Defendants. Defendant Amity was served with the summons and Complaint on May 21, 2024. ECF No. 6. Defendant Mackay was served with the summons and Complaint on June 17, 2024. ECP No. 7. Plaintiff moved for entry of default against Defendants Amity and Mackay on July 9, 2024. ECF No. 8. On July 10, 2024, Default was entered against Defendants Amity and Mackay. ECF No. 9. Defendants Amity and Mackay did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.     ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a Defendant's default. Procedurally, a Defendant defaults when he or she fails to timely respond to the complaint. Fed. R. Civ. P. 55(a). *N.Y. Life Ins. Co. v Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, Plaintiff may seek an entry of default judgment. Fed. R. Civ. P 55(b). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Lindsey v Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)

For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

A.   **The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants Amity and Mackay. Further, Defendants Amity and Mackay were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

i.   **Subject Matter Jurisdiction**

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

ii.   **Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. General jurisdiction exists when a corporation is "fairly regarded as at home" in the state. Id. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, a corporation is "at home" on in its place of incorporation or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020).

Specific personal jurisdiction exists when the suit arises out of the defendant's contacts with the forum. *Bristol Myers Squibb Co.*, 582 U.S. at 262. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction, and the exercise of such jurisdiction would not violate due process." *Conn Appliances, Inc v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Defendant has "purposefully directed his activities at residents of the forum

5

and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In this case, specific jurisdiction arises out of Defendants' intentional contacts to Texas residents. Compl. ¶ 5. Texas has an interest in protecting their citizens and enforcing its consumer protection laws. Defendants Amity and Mackay willfully and purposefully violated Texas consumer protection laws.

### iii. Service of Process

Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." On May 21, 2024, Plaintiff's process server served the Complaint, summons, and other initiating papers on Paracorp Incorporated, at 2804 Gateway Oaks Dr Ste 100 Sacramento, CA 95833, which is designated by law as the registered agent to accept service on behalf of Defendant Amity. On June 17, 2024, Plaintiff's process server served the Complaint, summons, and other initiating papers on Defendant Mackay at 401 Rockefeller Apt. 1407 Irvine, California 92612. Paracorp Incorporated, at 2804 Gateway Oaks Dr Ste 100 Sacramento, CA 95833. Thus, Plaintiff effected service on both Defendants. Defendants Amity and Macay had the opportunity to respond but did not.

## B. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendants Amity's and Mackay's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider

6

either the existence or lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants Amity and Mackay have demonstrated the culpability necessary for their failure to respond to weigh against them.

### i.        Without Default, Plaintiff Will be Denied Relief

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Defendants were made aware of their unlawful conduct when it was served with the Complaint and the Request of Entry of Default, both of which went ignored. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### ii.       Defendants Have No Meritorious Defense

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because

Defendants Amity and Mackay did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

    iii.    **Defendants are Culpable for its Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Defendants' failure to answer, despite adequate service, actual knowledge of the lawsuit, and service of the Entry of Default, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

    C.  **The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $110,630.00, are both reasonable and fair given the circumstances and facts of the case.

i.  **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Nishimatsu Constr. Co. v Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5rh Cir., 1987). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff placed his phone number on the National Do Not Call Registry on November 21, 2023. Compl. ¶ 31. Every phone call in the Complaint was a solicitation phone call. Compl. ¶ 33. Plaintiff delivered multiple DNC requests that were ignored. Compl. ¶ 52. Plaintiff did not consent to the phone calls alleged herein. Compl. ¶33. Defendant Amity did not have a valid Texas telephone solicitation registration. Compl. ¶ 67-72. Plaintiff has supported his TCPA claims with adequate specificity alleging the date, time, and content of each call. Compl. ¶ 38, 41, 42, 46, 47, 48, 49.

**First Claim:  47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. § 227(b)(3)(C).**

The Elements of this claim are: (1) The Defendants made multiple calls to a residential telephone; (2) using a prerecorded voice to initiate the calls; (3) for non-emergency purposes; (4) without prior written consent.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's residential telephone line, Compl. ¶77.

(2) using a prerecorded voice to initial the calls, Compl. ¶33, 38, 41, 42.

(3) for non-emergency purposes, Compl. ¶33, 59.

9

(4) Without having Plaintiff's express written or verbal consent, Compl. ¶33, 34.

**Second Claim**: 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).

The elements of this claim are: (1) The Defendants called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendants called Plaintiff's private telephone number, Compl. ¶ 84;

(2) registered on the National Do Not Call Registry, *id*. ¶ 30-31;

(3) at least twice in any 12-month period, *Id*. ¶ 33, 38, 41, 42, 46, 47, 48, 49;

(4) for the purpose of initiating any telephone solicitation, *Id.* ¶ 33;

(5) Plaintiff did not consent to any of the phone calls sent to his personal phone. *Id*. ¶ 34.

**Second Claim**: Texas Business and Commerce Code 302.101

The elements of this claim are: (1) Defendants called a private telephone number; (2) Defendants called for the purpose of solicitation; and (3) Defendants is not registered to telephone solicit in Texas.

Plaintiff's Complaint pleads each element of this claim.

(1) Defendant called Plaintiff's private telephone number. Compl ¶ 84;

(2) Defendant called Plaintiff for the purpose of solicitation. *Id*. ¶ 33;

(3) Defendant is not registered to telephone solicit in Texas. *Id* ¶ 67-72.

ii. Damages are Appropriate for Default Judgment

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1126 (M.D.

Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

In TCPA cases, a six-figure demand does not cause the sum at stake to weigh against granting default judgment. Courts have granted six and even seven-figure default judgments in TCPA cases. See e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554m at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Engagic USA Inc., Civ*. No. 15-00847, at *1-2 (M.D. Ten Jan. 16, 2018), ECF no. 274 ($259,500); *Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) ($221,500).

The statutory penalty for a 227(c) TCPA violation is up to $500 for each *violation* of

The statutory penalty for a 227(b)(1)(A)(iii) and 227(c) TCPA violation is up to $500 for each violation of the section (b) and (c). These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3)(C) and section 227(c)(5) even if multiple violations arose from the same call).

Plaintiff seeks treble damages in this case. Plaintiff received a total of fifteen calls, provided a total of six (6) DNC Requests, and is seeking treble damages for all calls that took place after ten (10) days from when Plaintiff delivered his First DNC request to Defendants. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, that person or entity making the call must record the request and place the subscriber on their DNC list. The new FCC ruling states robocaller's (such as Defendants) are required to honor Do-Not-Call and consent revocation requests as soon as practicable and within 10 business days of receipt. Defendants failed to remove Plaintiff from their calling list after each DNC request was made. Plaintiff delivered two (2) DNC requests through the automated system as instructed by the prerecorded message on calls #1-2. Compl. ¶38-40. Plaintiff

11

Delivered an additional three (3) more DNC requests verbally that were ignored by Amity and Mackay's employees. Compl. ¶46-48. It took Plaintiff delivering a sixth (6th) DNC request to finally stop receiving calls from Defendants on call #15. Compl. ¶49.

**227(c)(5)** - Calls #1-2, Plaintiff is not seeking treble damages as they were less than 10 days apart. Calls #3-15, Plaintiff should be entitled to treble damages as more than ten (10) days passed between the first DNC Request and call #3.

**227(b)(3)(C) -** Calls #1-2, were within 10 days of the first DNC request and Plaintiff is not seeking treble damages on these calls. Calls #3-11, Plaintiff should be entitled to treble damages as more than ten (10) days passed between the first DNC Request and call #3.

**Tex. Bus. Com. Code 302.202(a)** - Defendants made each of the solicitation phone calls in this case without holding a valid Texas Telephone Solicitation registration for a total of fifteen (15) violations. Compl. ¶ 67-72. A person or entity who violates Chapter 302 of the Texas Business and Commerce Code is subject to a "civil penalty of not more than $5,000 for each violation." Tex. Bus. Com. Code 302.302(a).

The sum of statutory damages, therefore, totals $110,000.00. Two (2) phone calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(3)(f) at $500 per call ($1,000) as permitted under 47 U.S.C. § 227(c)(3)(F), plus thirteen (13) phone calls in violations of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(3)(f) at $1,500 per call ($19,500) as permitted under 47 U.S.C. § 227(c)(5). Two (2) phone calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii) at $500 per call ($1,000) as permitted under 227(b)(3)(B), plus nine (9) phone calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii) at $1,500 per call ($13,500) as permitted under 47 U.S.C. § 227(b)(3)(C). Fifteen (15) phone calls in violation of Tex. Bus. Com. Code 302.101 at $5,000 per call ($75,000).

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On

a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth.Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $405 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $225.00 in effectuating service of process against the Defendants. Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES- ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $110,630.00.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $110,630.00, calculated as follows:

$500 per § 227 (c) violation for two (2) violations,

$1,500 per § 227 (c) knowing and willful violation for thirteen (13) violations,

$500 per § 227 (b)(1)(A)(iii) violation for two (2) violations,

$1,500 per § 227 (b)(1)(A)(iii) knowing and willful violation for nine (9) violations,

$5,000 per Tex. Bus. Com. Code § 302.101 violation for fifteen (15) violations,

$405 in filing fees,

$225.00 in service fees.

## **CONCLUSION**

Defendants Amity and Mackay decided to make calls to the Plaintiff's phone number

listed on the National Do Not Call Registry to solicit into Texas. Defendants Amity and Mackay decided not to defend this lawsuit. Accordingly, entry of default against Defendants Amity and Mackay is appropriate. Plaintiff Joshua Cacho respectfully prays for an award of $110,630.00, plus any other relief that the court deems just and proper.

July 17, 2024,                                                          Respectfully submitted,

*Joshua Cacho*

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com
407-780-9810

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSHUA CACHO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMITY ONE DEBT RELIEF, et al<br><br><br><br><br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§　　3:24-cv-00160-KC<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**AFFIDAVIT IN SUPPORT OF DEFAULT JUDGEMENT**

I, Joshua Cacho, under penalty of perjury, state as follows:

1. I am the Plaintiff Pro Se, in the above-entitled action, over 18 years of age, and I'm familiar with the file, records, and pleadings in this matter.

2. My residential phone number, 915-259-3258, was registered on the National Do Not Call Registry on November 21, 2023, and was registered on the National Do Not Call Registry for at least 31 days prior to this action.

3. The amount due in this action is:

    a. $500 in statutory damages for each of the two (2) phones calls in violation of § 227(b)(1)(A)(iii) pursuant to 47 U.S.C. § 227 (b)(3)(B).

    b. $1,500 in statutory damages for each of the nine (9) phones calls in violation of 47 U.S.C. § 227 (b)(1)(A)(iii), knowing and willful violations, pursuant to 47 U.S.C. § 227 (b)(3)(C).

    c. $500 in statutory damages for each of the two (2) phones calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(3)(f) pursuant 47 U.S.C. § 227(c)(3)(F).

    d. $1,500 in statutory damages for each of the thirteen (13) phones calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(3)(f), knowing and willful violations, pursuant to 47 U.S.C. § 227 (c)(5)(c

    e. $5,000 in statutory damages for each of the fifteen (15) phone calls in violation of Texas Business Commerce Code § 302.101 pursuant to Tex. Bus. Com. Code § 302.302(a);

    f. $405 in filing fees.

    g. $225 in service fees

    For a total of $110,630.00

4. This action was filed on May 16, 2024. Proof of service document filed in the docket of the case show that Defendant Amity One Debt Relief ("Amity") was served with the Summons and Complaint on May 21, 2024. ECF 6. Proof of service document filed in the docket of the case show that Defendant Ariyo Mackay ("Mackay") was served with the Summons and Complaint on June 17, 2024. ECF 7.

5. Defendants did not answer or otherwise appear in the above-entitled action and time to do so has elapsed.

6. Pursuant to Federal Rule 55)2) of the Federal Rules of Civil Procedure, the Clerk of the Court entered an Entry of Default against Defendants Amity and Mackay on July 10, 2024. ECF 9.

7. Upon information and belief, the amount due of 110,630.00 is justly due and owing, and no part thereof has been paid except as herein set forth.

8. The disbursements set forth in this affidavit and sought to be taxed have been made in the action or will necessarily be made or incurred therein.

9. Defendant Amity is a Corporation, and not a natural person, and therefore is not an infant, incompetent person, or in the military service of the United States of America. Defendant Mackay is a Natural person, is not an infant, not incompetent person, or in the military service of the United States of America. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 17, 2024,                                                   Respectfully submitted,

*Joshua Cacho*

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JOSHUA CACHO,** § § § §  **Plaintiff,** § § **v.** § § **AMITY ONE DEBT RELIEF, et al** § § § § § § § § **Defendants.** § § | EP-24-CV-00160-KC |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 17, 2024, I caused a true copy of the foregoing, to Defendants Amity One Debt Relief and Ariyo Mackay via electronic mail to Defendants' counsel Mr. Brent Phillips at bphillips@phillipslawcorporation.com.

July 17, 2024,                                                                                     Respectfully submitted,

*Joshua Cacho*

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com
407-780-9810

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSHUA CACHO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AMITY ONE DEBT RELIEF, et al<br><br><br><br><br><br>　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§　　EP-24-CV-00160-KC<br>§<br>§<br>§<br>§<br>§<br>§ |

**[PROPOSED] ORDER FOR DEFAULT JUDGEMENT PURSUANT TO**

**FED. R. CIV. P. 55(B)(2)**

Defendant Amity One Debt Relief was served with summons and Complaint in this action on or about May 21, 2024. Defendant Ariyo Mackay was served with summons and Complaint in this action on or about June 17, 2024. The time for Defendants to appear, answer, or move against the Complaint has expired without an appearance by Defendants; accordingly, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it is hereby;

ADJUDGED that Plaintiff Joshua Cacho, recover from Defendant Amity One Debt Relief and Defendant Ariyo Mackay the sum of $110,000.00, the amount claimed plus $405.00 in filing fees, and $225 in services fees, amounting in all to $110,630.00 plus interest on the judgement at the legal rate until the judgement is satisfied, and that the Plaintiff have execution therefore.

**SIGNED this _____ day of _____, 2024.**

_____
**JUDGE KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**